

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| RAY EDWARD CHESTNUT,<br>Petitioner, | §<br>§<br>§ | |
| vs. | §<br>§ | |
| | § | Civil Action No. 1:25-13788-MGL |
| TERRI WALLACE, *Warden*,<br>Respondent. | §<br>§<br>§ | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION TO DISMISS,
AND DISMISSING PETITIONER'S SECTION 2241 PETITION**

---

## I.        INTRODUCTION

Petitioner Ray Chestnut filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 against Warden Terri Wallace.  He is currently incarcerated following his conviction in state court for trafficking fentanyl.  Respondent has filed a motion to dismiss the petition.  Chestnut has also filed a "Motion to Expedite Ruling on Report and Recommendation."

The matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting Respondent's motion to dismiss be granted and the petition be dismissed.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

1

## II.     FACTUAL AND PROCEDURAL HISTORY

It is unnecessary to recite the entire procedural history of Chestnut's case here, as the Court will adopt the Report in this respect.  For purposes here, the only important fact is Chestnut was convicted of trafficking fentanyl in the Horry County Court of General Sessions in 2025, and his direct appeal from that conviction is still pending.  Petition at 7; Petition Ex. 1 at 1.

The Magistrate Judge filed the Report on March 6, 2026.  Chestnut filed objections to the Report on March 17, 2026.  Wallace declined to file a response.

## III.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

## IV.     DISCUSSION AND ANALYSIS

The Magistrate Judge recommends dismissing the Petition because Chestnut has failed to exhaust his available state avenues for relief.  Report at 6-8.  Chestnut first objects, "the Report fails to apply the statutory exception contained in 28 U.S.C. 2254(b)(1)(B)."  Objections at 3.

Subsection 2254(b)(1)(A) precludes a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," but there is an exception in subsection (b)(1)(B)(ii) where "circumstances exist that render such process ineffective to protect the rights of the applicant."

The Magistrate Judge addressed this argument correctly, and its reasoning will be adopted and incorporated herein. Simply put, Chestnut's direct appeal of his conviction is still pending before the South Carolina Court of Appeals. Therefore, he has failed to exhaust the remedies available under state law. The Court rejects his assertion the state procedures are "ineffective" under subsection 2254(b)(1)(B) for the reasons stated in the Report.

In Chestnut's objections, he incorrectly relies on case law holding excessive state delay can permit federal habeas review, *e.g. Mathis v. Hood*, 851 F.2d 612 (2d Cir. 1988). The Court can take judicial notice of the filings in Chestnut's state appellate proceedings, and state records indicate his notice of appeal was filed in July of 2025. Compared to the six-year-delay in *Mathis*, he has failed to demonstrate his state avenues for relief are ineffective.

Moreover, just last month the South Carolina Court of Appeals issued an administrative order addressing some of Chestnut's arguments and requests. These circumstances fail to render state review ineffective for exhaustion purposes. Accordingly, the Court will overrule this objection.

Second, Chestnut objects as follows:

> [T]he petition raises a structural jurisdictional challenge concerning the lawful authority of the tribunal that entered judgment. The trial transcript reflects that different judges presided over separate days of trial and that the second judge received the verdict and imposed sentence, yet the record contains no written substitution order authorizing the change.

Objections at 2. This objection essentially repeats the sole ground for relief raised in Chestnut's petition.

The Court will overrule this objection because Chestnut fails to direct the Court to any principle or statement of law indicating the exhaustion requirement is inapplicable to claims attacking a state court's subject matter jurisdiction.

3

Third, Chestnut objects because "the Report was issued before the ordered summary-judgment briefing occurred, leaving the record undeveloped and preventing full consideration of the issues presented." Objections at 2. A motion to dismiss is always reviewed without a "developed" record. Thus, the fact further evidence had yet to be presented or collected is unimportant. Moreover, again Chestnut fails to indicate—or even argue—how this alleged shortcoming could excuse his failure to exhaust his state remedies. For these reasons, the objection will be overruled.

## V.      CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Chestnut's objections, adopts the Report, and incorporates it herein. Therefore, Respondent's motion to dismiss is **GRANTED** and Chestnut's petition for a writ of habeas corpus is **DISMISSED**. Accordingly, Chestnut's "Motion to Expedite Ruling on Report and Recommendation" is **DEEMED AS MOOT**. Finally, to the extent Chestnut moves for a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of June 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

### NOTICE OF RIGHT TO APPEAL

Chestnut is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.